UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:06-CR-18-01-SEB-MGN |
| | ) | |
| CARTHELL H. HARPER | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on June 18, 2010, and July 21, 2010, designating the Magistrate Judge to conduct a hearing on the Petition and the Supplemental Petition for Warrant for Offender Under Supervision filed with the Court on June 15, 2010, and July 19, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g). An initial hearing was held on September 21, 2010, and disposition proceedings were held on September 22, 2010, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. Mr. Harper appeared at the initial hearing in person and with retained counsel, J. Clayton Culotta, and Mr. Harper appeared at the at the disposition hearing in person and with retained counsel, Jennifer Culotta. The Government appeared by Steven

DeBrota, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1. On September 21, 2010, J. Clayton Culotta, retained counsel, was present to represent Mr. Harper in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Harper and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Harper and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Harper was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition and Supplemental Petition.

4. Mr. Harper was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Harper was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Harper was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Harper had violated an alleged condition or conditions of his supervised release set forth in the Petition and the Supplemental Petition, he would be held for a revocation hearing.

7. Mr. Harper, by counsel, requested a preliminary hearing and a preliminary hearing

was set for September 22, 2010.

8. On September 22, 2010, the defendant appeared by retained counsel, Jennifer Culotta, and the Court was advised that a Preliminary Hearing would not be necessary in that an agreement had been reached between the parties.

The parties then stipulated the following in open Court:

(a) As to Violation Numbers 1, 2, 2(a), 3, 3(a), 4 and 5 of the Petition and Supplemental Petition for Violation of the Terms of Supervised Release filed on June 15, 2010, and July 19, 2010, the defendant admitted in open Court that he had violated these conditions.

(b) The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve six (6) months of imprisonment with no term of supervised release to follow.

9. The Court then proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1, 2, 2(a), 3, 3(a), 4 and 5 contained in the Petition and Supplemental Petition. The Court then inquired of the defendant, who was sworn at the initial hearing and remained under oath, as to whether he admitted to the specifications alleged in the Petitions, and Mr. Harper admitted all violations contained in the Petition and Supplemental Petition. The Court specifically inquired of Mr. Harper whether he was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Harper that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Harper answered in the affirmative. The Court finds the admissions were

knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1, 2, 2(a), 3, 3(a), 4 and 5.

The violations in the Petition are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| 2 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |

On June 8, 2009, this officer instructed the offender to report immediately upon release from the Kentucky Department of Correction, as his term of supervised release would be tolled during his incarceration for the state charges. On February 1, 2010, the offender was released from the Kentucky Department of Corrections and did not report his release to his probation officer. This officer located the offender on February 22, 2010.

On February 23, 2010, this officer reviewed the conditions of supervision with the offender. This officer emphasized the condition requiring regular employment; however, at an appointment on March 2, 2010, the offender was still without employment. He was instructed to begin reporting his job search activities to this officer daily, at 9:00 am, using job search forms he was provided.

From March 2, to May 5, 2010, the offender reported his daily job search activities on only eleven occasions despite numerous admonishments and reminders. On May 5, 2010, the offender secured employment.

After learning of the offender's noncompliance with drug testing efforts (noted below), this officer left a message on his phone on June 2, 2010, instructing him to report later that morning. The offender failed to report, and a second message was left instructing him to report to the Jefferson Alcohol and Drug Abuse Center (JADAC) later that afternoon. The offender failed to report. On June 3, 2010, an appointment letter was left at the offender's residence, instructing him to report on June 4, 2010; however, the offender failed to report to this appointment as well.

| | |
|---|---|
| 3 | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."** |

On April 22, 2010, the offender failed to report to a scheduled drug treatment counseling session. On May 28, 2010, the offender failed report for a scheduled drug test. On June 1, 2010, the offender reported for a drug test at JADAC. During the urine collection, Counselor James Liston observed the offender using a fake penis to dispatch urine from a tube into the collection cup. As noted above, efforts

to address this behavior have been unsuccessful, as the offender will not report in person to the probation office.

The violations in the Supplemental Petition are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2(a) | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| 4 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

On June 14, 2010, the offender reported to the probation office. He advised that he had been living in Indianapolis since June 3, 2010. He was unable or unwilling to provide the address, street name, directions to the residence, the general path of travel to the residence, or the part of the city in which he was residing. The offender advised he did not provide notice because his phone was broken.

| | |
|---|---|
| 3(a) | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."** |

The offender failed to report to two scheduled drug tests in June 2010. In a treatment summary for the month of June, his counselor wrote the offender "does not show any changes in his behaviors," and indicated he is a "true career criminal...treatment should be discontinued." Efforts to address this behavior have been unsuccessful, as the offender will not report in person to the probation office. The offender was discharged unsuccessfully from drug treatment on June 30, 2010.

| | |
|---|---|
| 5 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |

On June 14, 2010, the defendant submitted a urine sample that tested positive for marijuana.

12. Based on the information available to the Court, the Court further finds the following:

    1) Mr. Harper has a relevant criminal history category of III. *See,* U.S.S.G. 7B1.4(a).

2) The most serious grade of violation committed by Mr. Harper constitutes a Grade C violation, pursuant to U.S.S.G. 7B1.1(b).

3) Pursuant to U.S.S.G. 7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Harper is 5-11 months.

4) The appropriate disposition for Mr. Harper's violation of the condition of supervised release is as follows:

   (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of six (6) months with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1, 2, 2(a), 3, 3(a), 4 and 5 of the Petition and the Supplemental Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. Harper shall be committed to the Bureau of Prisons to serve a term of imprisonment of six (6) months with no term of supervised release to follow.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Harper's supervised release.

**IT IS SO RECOMMENDED** this 29 day of September, 2010.

Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

Doris Pryor
doris.pryor@usdoj.gov

Steven DeBrota
steve.debrota@usdoj.gov

Jennifer Culotta
jennifer@culottalaw.com

U.S. Marshal

U.S. Probation Office